**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL RIVAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2018-CCL-00997** |
| | § | |
| **G4S SECURE SOLUTIONS (USA), INC.** | § | |
| | § | |
| **Defendant.** | § | |

## <u>INDEX OF MATTERS BEING FILED</u>

1.    Index of Matters Being Filed

2.    Cameron County Court at Law No. 5 Docket Sheet

3.    Plaintiff's Original Petition

4.    Notice of Removal of State Court Action

5.    List of Counsel of Record

**Exhibit 1
Notice of Removal**

## ase Inf r ati n

2018-CCL-00997 | Daniel Rivas VS G4S Secure Solutions (USA) Inc.

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 2018-CCL-00997 | County Court at Law | asquez, Estela Chavez |
| File Date | Case Type | Case Status |
| 08/29/2018 | All Other Civil Cases | Pending |

## Party

Plaintiff
Rivas, Daniel

Address
118 W. Pecan Blvd
McAllen TX 78501

Active Attorneys ▾
Lead Attorney
RUIZ, MAURO F
Retained

Defendant

G4S Secure Solutions (USA) Inc.

Address
Prentice Hall Corp System
211 E. 7th Street, Suite 620
Austin TX 78701-3218

## Events and Hearings

08/29/2018 Original Petition (OCA)

08/29/2018 Efiled Original Petition Document ▾

Comment
Plaintiff's Original Petition with Discovery Requests & Jury Demand

08/29/2018 Jury Fee Paid

**Exhibit 2**
**Notice of Removal**

09/04/2018 Citation Issued(PD) ▾

Comment
(G4S S cure  olutions  USA) Inc.)

09/04/2018 Citation ▾

Actual Server
Civil Process Server

Returned
09/11/2018 9:52 AM

09/11/2018 Civil Process Service

## inancial

Rivas, Daniel

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $325.00 |
| | Total Payments and Credits | | | $325.00 |
| 8/30/2018 | Transaction Assessment | | | $323.00 |
| 8/30/2018 | E-File Electronic Payment | Receipt # 2018-0027862 | Rivas, Daniel | ($323.00) |
| 9/11/2018 | Transaction Assessment | | | $2.00 |
| 9/11/2018 | E-File Electronic Payment | Receipt # 2018-0029231 | Rivas, Daniel | ($2.00) |

Citation for Personal Service
## Cause No. 2018-CCL-00997 County Court at Law V
### T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**G4S Secure Solutions (USA) Inc.**
**Prentice Hall Corp System**
**211 E 7th Street Suite 620**
**Austin, TX  78701-3218**

GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's Original Petition with Discovery Requests and Jury Demand at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court at Law V of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by MAURO F RUIZ  (Attorney for Plaintiff), whose address is 118 W Pecan Blvd  McAllen TX  78501 on August 29, 2018, in this case numbered 2018-CCL-00997 on the docket of said court, and styled,

### Daniel Rivas
### VS
### G4S Secure Solutions (USA) Inc.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition with Discovery Requests and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 4th day of September, 2018.



Sylvia Garza-Perez, County Clerk
Cameron County, Texas
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By ___/s/Graciela Garcia_____, Deputy
          Graciela Garcia

### SHERIFF'S RETURN

Came to hand on the _____ day of _____, _____, at _____ o'clock and executed (not executed) on the day of _____  _____, by delivering to _____ in person a true copy of this Citation, upon   which   I   endorsed   the   date   of   delivery,   together   with   the   accompany   copy   of   the _____.   Cause   of   failure   to   execute   this   citation   is: _____.

FEES serving 1 copy
Total . . . . . . . $_____ Sheriff/Constable _____County, Texas

Fees paid by: _____       By_____, Deputy

## Exhibit 3
## Notice of Removal

FILED
2018-CCL-00997
8/29/2018 4:24 PM
Sylvia Garza-Perez
Cameron County Clerk

2018-CCL-00997

CAUSE NO: _____

| | | |
|---|---|---|
| **DANIEL RIVAS** | § | **IN THE COUNTY COURT** |
| | § | Cameron County - County Court at Law V |
| **v.** | § | **AT LAW NO. _____** |
| | § | |
| **G4S SECURE SOLUTIONS (USA)** | § | |
| **INC.** | § | **CAMERON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY REQUESTS & JURY DEMAND

**NOW COMES, DANIEL RIVAS,** Plaintiff herein, and files this, his Original Petition With Discovery Requests & Jury Demand, and would show unto the court as follows:

### Section 1

### Discovery Control Plan

**1.01**   This case is filed pursuant to Section 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### Section 2

### Parties

**2.01**   Plaintiff, **DANIEL RIVAS,** (hereinafter "Mr. Rivas" or "Plaintiff") is a resident of Brownsville, Cameron County, Texas.

**2.02**   Defendant, **G4S SECURE SOLUTIONS (USA) INC.** (hereinafter referred to as "G4S" or "Defendant") is a is a foreign corporation doing business in the State of Texas. Defendant can be served with process through its registered agent for service of process:

**Prentice Hall Corp System**
**211 E. 7th Street, Suite 620**
**Austin, Texas 78701-3218**

## Section 3

## Jurisdiction & Venue

**3.01**   The incident made the basis of this lawsuit occurred in, Cameron County, Texas.  As such, jurisdiction and venue are proper in Cameron County.

## Section 4

## Exhaustion of Administrative Remedies

**4.01**   Plaintiff timely filed a Employment Discrimination Complaint with the Texas Workforce Commission Civil Rights Division, on August 31, 2017. See **Exhibit A** attached to Plaintiff's Original Petition.

**4.02**   On or about July 12, 2018, Plaintiff received the Notice of Dismissal and Right to File a Civil Action from the Texas Workforce Commission Civil Rights Division. See **Exhibit B** attached to Plaintiff's Original Petition.

## Section 5

## Factual Allegations

**5.01**   Mr. Daniel Rivas, a person of Mexican descent, was employed as a Armed Transportation Officer for Defendant in San Benito, Texas. On March 24, 2017, Mr. Rivas was placed on administrative leave without pay because of an alleged policy violation.  He was later terminated on March 30, 2017.  Similarly-situated Anglo employees, like Gordon T. Samp, violated the same policy but were not disciplined or terminated.

Plaintiff files this civil rights lawsuit based on national origin discrimination.

### Section 6

### Causes of Action

**6.01   Texas Labor Code Chapter 21.** Plaintiff asserts that Defendant violated Chapter 21 of the Texas Labor Code in that his termination was motivated by unlawful national origin discrimination.

### Section 7

### Controlling Authority

**7.01**   An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, *national origin*, or *age* the employer:

(1)   fails or refuses to hire an individual, ***discharges an individual***, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges or employment; or

(2)   limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

### Section 8

### Damages

**8.01**   As a result of acts and/or omissions as set forth above, Plaintiff sustained the following damages, including but not limited to:

(a)   Reinstatement;

(b)   Back pay in the amount of $35,000;

(c)   Emotional distress/pain in suffering damages in the amount of $10,000.00; and

(d)     Reasonable attorney's fees in the amount of $10,000.

**8.02**   Plaintiff seeks to recover all of his damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact.  In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be less than $60,000.

**Section 9**

**Jury Trial**

**9.01**   Plaintiff demands a jury trial in this matter.

**Section 10**

**Exhibits**

**EXHIBIT A**   Employment Discrimination Complaint Form;

**EXHIBIT B**   Notice of Dismissal and Right to File a Civil Action; and

**EXHIBIT C**   Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant.

**Section 11**

**Prayer**

**11.01    WHEREFORE, PREMISES CONSIDERED,** Plaintiff   prays that Defendant, **G4S SECURE SOLUTIONS (USA) INC.,** be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiff recovers judgment against Defendant for his actual/compensatory damages in amounts within the jurisdictional limits of this Court

but not to exceed $60,000 as plead above, and for all other relief at equity for which he may show himself justly entitled.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203


_____*/s/ Mauro F. Ruiz*_____
Mauro F. Ruiz
State Bar No. 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

**MAURO F. RUIZ**
\TTORNEY AT LAW
.RUIZ@MRUIZLAW.COM



R U I Z   L A W   F I R M

118 W. PECAN BLVD.
MCALLEN, TEXAS 78501

TEL. (956) 259-8200
FAX. (956) 259-8203

August 31, 2017

### Via CM 7012 3460 0002 6024 7088, RRR

TEXAS WORKFORCE COMMISSION
CIVIL RIGHTS DIVISION
101 East 15th St., Room 144T
Austin, Texas 78778-0001

```
EXHIBIT
A
```

Re:   Employer:   G4S Secure Solutions (USA), Inc.
       Claimant:   Daniel Rivas

Dear Sir/Madam:

Enclosed please find the fully executed intake Questionnaire regarding the above matter.

Should you need any additional information, please do not hesitate to call me.

Sincerely,

RUIZ LAW FIRM, P.L.L.C.

Mauro F. Ruiz

MFR/hlm
Enclosure

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

| Postage | $ | |
|---|---|---|
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6.56 | |

Sent To _TWCCRD_

Street, Apt. No. or PO Box No. _101 E 15th St Room 144T_

City, State, ZIP+4 _Austin TX 78778 -0001_

PS Form 3800, August 2006

7012 3460 0002 6024 7088

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Texas Workforce Commission
Civil Rights Division
101 E. 15th Street, Room 144T
Austin, Texas 78778-0001

9590 9402 3018 7124 1117 02

2. Article Number *(Transfer from service label)*
7012 3460 0002 6024 7088

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:       ☐ No

Texas Workforce Commission
101 E. 15th Street, Austin, TX 78778

SEP 05 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EMPLOYMENT DISCRIMINATION COMPLAINT

Texas Workforce Commission Civil Rights Division (TWCCRD)

If you believe you have experienced employment discrimination, submit your completed complaint form by mail, email, fax or in person:

- Mail to: TWC Civil Rights, 101 E 15th Street, Rm 144T, Austin, TX 78778-0001
- Email to: EEOintake@twc.state.tx.us
- Fax to: 512-463-2643
- In person: 1117 Trinity St, Rm 144-T, Austin, TX 78701

**Summary of TWCCRD Employment Discrimination Complaint Process**

- An Intake Investigator will review your form, and may contact you for additional information.
- If the Intake Investigator determines that your complaint meets the employment discrimination complaint requirements, the Intake Investigator will draft a Charge of Discrimination, and request that you sign the document.
- Once TWCCRD receives the signed Charge of Discrimination, a notification of the acceptance of the Charge of Discrimination will be sent to the Complainant and the Respondent.
- TWCCRD will also ask both parties if they would like to meet to discuss settlement possibilities. This process is called mediation.
- If the complaint is not settled through mediation, an Investigator will request supporting documentation and witness lists, and interview both parties (Complainant and Respondent), and investigate the complaint.
- After reviewing all submitted documentation and interview notes, the Investigator will issue a Pre-Determination of either Cause or No Cause. All Cause Pre-Determination decisions are reviewed by the Director, who makes the decision to refer a complaint to the Texas Commission on Human Rights for Final Determination.

This section is for TWC use only.

TWCCRD# _____

EEOC# _____

Date Received: _____

Be sure to provide all requested information. For assistance with completing your complaint form, call 888-452-4778.

(Ofrecemos asistencia en Español.)

## A. Complaint History

Mark the box below for any agency where you have previously filed this complaint. If you have filed this complaint with any of the agencies below, the second filing will be considered a Duplicate filing. Please note that TWCCRD dismisses all Duplicate filings.

- [ ] Texas Workforce Commission Civil Rights Division (TWCCRD)
- [ ] Equal Employment Opportunity Commission (EEOC)
- [ ] City of Austin Equal Employment and Fair Housing Office
- [ ] Corpus Christi Human Relations Division
- [ ] Fort Worth Human Relations Department

## B. Contact Information for Person Filing Complaint (Complainant)

| | |
|---|---|
| Complainant Full Name: Daniel Rivas | Email: |
| Home Phone: | Other Phone: |
| Address Line 1: 840 W. Levee | Address Line 2: |
| City/State/Zip: Brownsville, Texas 78520 | What is the best way to reach you?  [ ] Email  [ ] Phone |

## C. Contact Information for Complainant Representative - Optional

If you are represented by an attorney, please have them submit a letter of representation.

| | |
|---|---|
| Representative Name: Mauro F. Ruiz | Email: mruiz@mruizlaw.com  tbelez@mruizlaw.com |
| Phone: (956) 259-8200 | Fax: (956) 259-8203 |
| Address Line 1: 118 W. Pecan Blvd. | Address Line 2: |
| City/State/Zip: McAllen, Texas 78501 | |

## D. Contact Information for Employer Complaint Is About

Employer has 15 or more employees?:  [X] Yes  [ ] No

Give the complete employer company name, address and other information for the site where you physically worked.

| | |
|---|---|
| Employer Company Name: G4S Secure Solutions (USA), Inc. | Work Site Phone: (956) 276-0457 |
| Work Site Address Line 1: 1200 W. Hwy. Business 77 | Work Site Address Line 2: |
| City/State/Zip: San Benito, Texas 78586 | Fax: |
| Name of HR Personnel Officer/EEO Officer/or Highest Ranking Officer on the work site: Dalia Del Valle | Phone: (956) 276-0457 |
| Address Line 1: 1200 W. Hwy. Business 77 | Address Line 2: |
| City/State/Zip: San Benito, Texas 78586 | Fax: (956) 276-0347 |

| E. Employment History | |
|---|---|
| Still employed? ☐ Yes ☒ No | Position held: Armed Transportation Officer |
| Date Hired (MM/DD/YYYY): 07/2013 | Date Employment Ended, if applies (MM/DD/YYYY): 03/30/2017 |

## F. Outcome Sought

What are you seeking as a resolution to your case?

Reinstatement and monetary relief.

## G. Type of Discrimination (Basis of Complaint)

In the Discrimination Basis column, only mark the box(es) for each type of discrimination you experienced in violation of state law (Texas Labor Code, Chapter 21) and/or federal law (ADEA, Title VII, ADAAA, GINA). Then for each Discrimination Basis you marked, provide the Additional Information for that type of discrimination. For information on types of employment discrimination, see www.texasworkforce.org/employeerights.

| Discrimination Basis: | Additional Information |
|---|---|
| ☐ Age | Date of birth (MM/DD/YY): _____   Age at time of incident: _____<br>You must be age 40 or older to qualify. |
| ☐ Color Based on skin color. | ☐ Black   ☐ Brown   ☐ White   ☐ Other: ____ |
| ☐ Disability<br>Pregnancy is not a disability unless you are regarded as disabled. | ☐ Disabled   ☐ History of disability   ☐ Regarded as disabled |
| ☐ GINA | ☐ (Genetic Information Non-discrimination Act) |
| ☒ National Origin | ☐ African-American   ☐ Anglo/Caucasian   ☐ East Indian   ☐ Hispanic   ☒ Mexican<br>☐ Other: _____ |
| ☐ Race | ☐ American Indian/ Alaskan Native   ☐ Asian/Pacific Islander   ☐ Black   ☐ White<br>☐ Other: _____ |
| ☐ Religion | ☐ Baptist   ☐ Catholic   ☐ Jewish   ☐ Muslim<br>Other: _____ |
| ☐ Retaliation | ☐ I assisted another filing a discrimination complaint on (MM/DD/YY) _____<br>☐ I filed a discrimination complaint on (MM/DD/YY) _____<br>☐ I participated in an investigation of discrimination on (MM/DD/YY) _____ |
| ☐ Sex | ☐ Female   ☐ Female/Pregnancy   ☐ Male |

## H. Employment Harms or Actions - Types

Mark the box for each employment harm or action related to your current employment discrimination complaint.

| | | |
|---|---|---|
| ☐ Demotion (D1)<br>☒ Discharge (D2)<br>☒ Discipline (D3)<br>☐ Harassment (H1)<br>☐ Hiring (H2) | ☐ Layoff (L1)<br>☐ Promotion (P3)<br>☐ Reasonable Accommodation (R6)<br>☐ Severance Pay (B5)<br>☐ Sexual Harassment (S4) | ☐ Suspension (S5)<br>☐ Terms & Conditions (T2)<br>☐ Training (T4)<br>☐ Wages (W1)<br>☐ Other: |

## I. Employment Harms or Actions – Descriptions

The questions in this section are about the employment harms or actions related to your current employment discrimination complaint. Each incident must have happened within 180 days of the date you submit your complaint to TWC Civil Rights.

## J. Harm(s)

| | |
|---|---|
| a. | Date of harm(s) (MM/DD/YYYY):<br>03/24/2017 |
| b. | Name and job title of the person(s) who did the harm(s):<br>Tim O'Neil - Lieutenant |
| c. | If filing under race, color, national origin, religion, sex or age discrimination, provide the race, color, national origin, religion, sex or age of the person(s) discriminating against you:<br>Tim O'Neil - White |
| d. | Did you complain about discrimination to your employer?   ☐ Yes   ☒ No<br>If yes, date you made the complaint: _____   If yes, name and job title of person(s) complained to: _____ |

e. Explain the alleged discriminatory treatment:
On March 24, 2017, I was put on administrative leave without pay, because I violated a policy which other White employees have violated in the past. On March 30, 2017, I was terminated. Other White employees who violated the policy were not terminated or reprimanded.

f. Employer's reason for its action(s):
I was terminated for failing to secure my company issued gun properly.

g. Are there other employees treated more fairly than you?  [X] Yes  [ ] No
If yes, provide their full name and position title:

If yes and you are filing under race, color, national origin, religion, sex, age or disability, provide the race, color, national origin, religion, sex, age or disability of the person(s) treated more fairly than you:

K. Additional Comments

Samp T. Gordom
White
On several occasions, left his company issued gun in his personal back. He was not terminated or reprimanded.

BEFORE ME, the undersigned authority, on this day personally appeared Daniel Rivas, who being duly sworn stated:
My name is Daniel Rivas. I am over the age of twenty-one (21). I am of sound mind and fully capable of making this verification. I verify that the factual information contained in this Employment Discrimination Complaint Form (Form 1000) is both true and correct.
Affiant further sayeth not.

Daniel Rivas

SUBSCRIBED AND SWORN TO BEFORE ME on the __31__ day of August, 2017, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

TOMASA A BELEZ
Notary ID # 12234977
My Commission Expires
February 24, 2021

L. Signature

Signature: _____     Date: 8.31st 2017

# Texas Workforce Commission
## A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

Daniel Rivas
c/o RUIZ LAW FIRM
Attn:  Mauro F. Ruiz
118 W. pecan Blvd.
McAllen, TX 78501



## NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Daniel Rivas v. G4S SECURE SOLUTIONS (USA), INC.

| TWCCRD Charge No. | EEOC Charge No. | TWCCRD Representative: |
|---|---|---|
| 1A18509 | 31C-2018-00444 | Kathleen  Mahan Michaud |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]     The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]     Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]     The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]     We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]     Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]     While reasonable efforts were made to locate you, we were not able to do so.

[ ]     You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]     The TWCCRD issues the following determination:  Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]     Other:  **180 Day Notice of Right to File Civil Action Requested**

101 E. 15ᵗʰ Street • Guadalupe CRD • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 482-8465 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988
(Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS

Daniel Rivas v. G4S SECURE SOLUTIONS (USA), INC.
TWCCRD Charge No: 1A18509
EEOC Charge No. 31C-2018-00444
Page 2

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

On behalf of the Division

Lowell A. Keig
Division Director

7/16/2018
Date

LEWIS BRISBOIS BISGAARD & SMITH
LLP
Attn: Kelly Eisenlohr-Moul
1180 Peachtree Street NE, Ste. 2900
Atlanta, GA 30309

**EXHIBIT**
**C**

CAUSE NO: _____

| | | |
|---|---|---|
| DANIEL RIVAS | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| G4S SECURE SOLUTIONS (USA) | § | |
| INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION & REQUESTS FOR DISCLOSURE

**TO:   G4S SECURE SOLUTIONS (USA) INC.,** Defendant in the above-styled and numbered cause.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff serves these Interrogatories, Requests for Production, Requests for Admission and Requests for Disclosure upon you. The answers to interrogatories shall be made under oath, separately and fully in writing and the responses request for production shall be made, within fifty (50) days after the service of such interrogatories, requests for production, requests for admission and requests for disclosure shall be served on the undersigned counsel of record. Plaintiff also requests that Defendant continue to supplement its responses to these discovery requests as per the Texas Rules of Civil Procedure.

EACH OF THE FOLLOWING INTERROGATORIES AND REQUEST FOR PRODUCTION SHALL INCORPORATE THE FOLLOWING DEFINITIONS:

**DEFINITIONS:** These definitions shall have the following meanings, unless the context requires otherwise:

1.    "Plaintiff," or "Daniel Rivas" means Daniel Rivas, his agents, representatives, and all other persons acting in concert with his, or under his control, whether directly or indirectly, including any attorney.

2.    "Defendant," "G4S Secure Solutions (USA) Inc." or "G4S", means G4S Secure Solutions (USA) Inc., it's agents, representatives, and all other persons acting in concert with it, or under it's control, whether directly or indirectly, including any attorney.

3.    "You" or "your" means Defendant, G4S Secure Solutions (USA) Inc.

4.    "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation,

---

*Rivas v. G4S Secure Solutions (USA) Inc.*          Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant     Page 1

letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained and any and all writings or recordings of any type or nature), in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.    "File" means any collection or group of documents maintained, held, sorted, or used together, including, without limitation, all collections of documents maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6.    "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7.    "Date" means the exact date, month, and year, if ascertainable, or if not, the best available approximation.

8.    "Describe" or "identify," when referring to a person, means you must state the following:

a.    The full name.
b.    The present or last known residential address; & the present or last known office address and telephone numbers.
c.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
d.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9.    "Describe" or "identify," when referring to a document, means you must state the following:

a.    The nature (*e.g.*, letter, handwritten note) of the document.

b.    The title or heading that appears on the document.

c.    The date of the document and the date of each addendum, supplement, or other addition or change.

*Rivas v. G4S Secure Solutions (USA) Inc.*                    Plaintiff's First Set of Interrogatories, Requests
                                             for Production, Requests for Admission &
                                             Requests for Disclosure to Defendant    **Page 2**

d. The identity of the author and of the singer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. The word "and" means "and/or."

11. The word "or" means "or/and."

12. The word "any" means "any and all."

13. "Event" or "incident", unless otherwise indicated, means the event or incident made the basis of this lawsuit.

14. "Time of incident" or "date of incident " or "incident date" means the date and time of the incident made the basis of this lawsuit, on or about March 30, 2017.

15. "Including" means including but not limited to.

16. "Possession" means possession, custody, or control, and includes not only actual physical possession, but also constructive possession as defined by the Texas Rules of Civil Procedure.

17. "Subject Incident" refers to the incident which occurred March 30, 2017.

18. "Relevant time period" refers from 2010 - to present.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203


_____ /s/ Mauro F. Ruiz _____
Mauro F. Ruiz
State Bar No. 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Produce the complete personnel files, including performance evaluations, disciplinary actions and payroll of the following persons:

> Daniel Rivas;
> Tim O'Neil; and
> Gordon T. Samp

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Produce correspondence between you and the Texas Workforce Commission Civil Rights Division relating to charge of discrimination filed by Plaintiff against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Produce documents you relied on to justify any reprimand of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Produce documents you relied on to justify not placing Plaintiff on progressive discipline.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
Produce documents you relied on to justify the termination of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Any and all trial exhibits. Tex. R. Civ. P. 192.5(c)(2) (Vernon 1999).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Written statements made by the Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

*Rivas v. G4S Secure Solutions (USA) Inc.*                    Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant     **Page 4**

**REQUEST FOR PRODUCTION NO. 8**:
Oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**:
Documents signed by Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Documents used to impeach Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff by the Defendant, or anyone acting on Defendant's behalf, including complete and legible transcripts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Claims, lawsuits, or requests to arbitrate filed by former Pioneer employees who alleged Pioneer engaged in discrimination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Complete Arbitration Policy signed by Plaintiff, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Employee manuals reflecting policies, practices and protocols in effect during 2017.

**RESPONSE:**

*Rivas v. G4S Secure Solutions (USA) Inc.*                    Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant      Page 5

**REQUEST FOR PRODUCTION NO. 15:**
Produce your EEOC policy manual in effect on March 30, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Manuals identified by you in response to Interrogatory No. 5.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Produce Plaintiff's job description on March 30, 2017.

**RESPONSE:**

**END OF REQUESTS FOR PRODUCTION**

## INTERROGATORIES

**INTERROGATORY NO. 1:**
Identify all persons who assisted in answering the following interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**
For each individual involved in the decision to terminate Plaintiff, please provide their following:

     a.    Name;
     b.    Title/Position;
     c.    Work Address;
     d.    Date of Birth;
     e.    Race; and
     f.    national origin.

**ANSWER:**

**INTERROGATORY NO. 3:**
Explain the reason(s) Plaintiff was terminated by Defendant.

**ANSWER:**

**INTERROGATORY NO. 4:**
Please state with reference to each job which the Plaintiff held while employed by the Defendant:

     a.    The title and a description of each job;
     b.    The dates worked;
     c.    The monthly salary for each job;
     d.    Yearly bonuses for each year;
     e.    A description of the fringe benefits received for each job;
     f.    Each supervisor's name, address, and title;
     g.    A description of the duties of each job;
     h.    A description of the requirements for each job; and
     i.    Location(s).

**ANSWER:**

**INTERROGATORY NO. 5:**
Please identify the name of all manuals reflecting Defendant's employment practices used or maintained (during the relevant time period), including but not limited to manuals containing all employee hiring, discharge, lay-off, promotion, job assignment, incentives, bonuses and pay scale policies.

**ANSWER:**

**INTERROGATORY NO. 6:**
For each reason articulated by Defendant in response to Interrogatory No. 3 justifying Plaintiff's separation, identify the policy violated by Plaintiff, providing the following information for all changes concerning Plaintiff's job duties:

      a.  Name of the manual(s);
      b.  Chapter Title(s);
      c.  Policy Name(s) and Section(s); and
      d.  Page Number.

**ANSWER:**

**INTERROGATORY NO. 7:**
Identify the name, job title, job duties, age, last day of employment, salary on last day of employment, home address, and home telephone number of each former G4S employee who has filed a national origin charge of discrimination against Defendant.

**ANSWER:**


**END OF INTERROGATORIES**


*Rivas v. G4S Secure Solutions (USA) Inc.*      Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant    **Page 8**

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
Admit Defendant was Plaintiff's employer from July, 2013 to March 30, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit Plaintiff was a full-time G4S employee during 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit Plaintiff timely filed his charge of discrimination.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit Plaintiff exhausted his administrative remedies.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit the Cameron County Courts have subject matter jurisdiction over this matter.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit Plaintiff's termination occurred in Cameron County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit proper venue for this action lies in Cameron County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit progressive discipline was not afforded to Plaintiff before his termination.

**RESPONSE:**

*Rivas v. G4S Secure Solutions (USA) Inc.*          Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant     **Page 9**

**REQUEST FOR ADMISSION NO. 9:**
Admit G4S had a progressive discipline policy in place during March, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit Defendant did not issue Plaintiff written reprimands before March, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit Gordon T. Samp is a co-worker of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit Gordon T. Samp failed to secure his company issued gun on several occasions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit Gordon T. Samp was not disciplined.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit Gordon T. Samp was not terminated.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit Gordon T. Samp is Anglo.

**RESPONSE:**

**END OF REQUESTS FOR ADMISSION**

## REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendant, **G4S SECURE SOLUTIONS (USA) INC.,** respond to Tex. Rule of Civ. Proc. 194.2 (a) - (l) by no later than fifty (50) days after being served.

*Rivas v. G4S Secure Solutions (USA) Inc.*                Plaintiff's First Set of Interrogatories, Requests
for Production, Requests for Admission &
Requests for Disclosure to Defendant    **Page 11**





**Johnny Rodriguez**
P.O. Box 3847
Edinburg, Texas 78540



CERTIFIED MAIL

7013 2250 0000 2481 4379

U.S. POSTAGE PAID
FCM LG ENV
EDINBURG, TX
78539
SEP 05, 18
AMOUNT

**$8.04**
R2304M112460-16

G4S Secure Solutions (USA) Inc.
Prentice Hall Corp System
211 E. 7th Street, Suite 620
Austin, Texas 78701-3218

CAUSE NO. 2018-CCL-00997

| | | |
|---|---|---|
| DANIEL RIVAS, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| G4S SECURE SOLUTIONS (USA), INC. | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## NOTICE OF REMOVAL OF STATE COURT ACTION

PLEASE TAKE NOTICE that Defendant G4S Secure Solutions (USA), Inc., pursuant to applicable law, filed with the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal, a copy of which is attached to and filed with this document as Exhibit "A," and that this action is removed to the United States District Court as of October 1, 2018. This Court is respectfully requested to proceed with no further action in this case.

Respectfully submitted,

MAREK, GRIFFIN & KNAUPP

John W. Griffin, Jr.
Texas Bar No. 08460300
Robert E. McKnight, Jr.
Texas Bar No. 24051839
203 N. Liberty Street
Victoria, TX 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040

*Attorneys for Defendant G4S Secure Solutions (USA), Inc.*

Dated: October 1, 2018

**Exhibit 4**
**Notice of Removal**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2018, a true and exact copy of the foregoing Notice of Removal of State Court Action has been forwarded to opposing counsel of record via U.S. Mail, first-class postage prepaid, and addressed as follows:

Mauro F. Ruiz
Ruiz Law Firm, P.L.L.C.
118 West Pecan Blvd.
McAllen, Texas 78501
**Counsel for Plaintiff**

Robert E. McKnight, Jr.
Attorney for Defendant G4S Secure Solutions
(USA), Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL RIVAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2018-CCL-00997** |
| | § | |
| **G4S SECURE SOLUTIONS (USA), INC.** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant G4S Secure Solutions (USA), Inc. ("G4S"), through its counsel and pursuant

to 28 U.S.C. §§ 1332, 1441, and 1446, files this notice of removal from the County Court at Law

No. 5 of Cameron County, Texas, to the United States District Court for the Southern District of

Texas, Brownsville Division, on the following grounds:

### I.      Introduction

1.      On or about August 29, 2018, Plaintiff filed Plaintiff's Original Petition in the

County Court at Law No. 5 of Cameron County, Texas, captioned *Daniel Rivas v. G4S Secure

Solutions (USA), Inc.*, Cause No. 2018-CCL-00997. Plaintiff brings claims for violation of the

Texas Labor Code Chapter 21 related to the termination of his employment by G4S.

### II.      Removal Procedures and Venue

2.      The Petition was served on G4S on September 5, 2018, and this Notice of

Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81,

copies of all process, pleadings, orders, and other papers filed in the state court action are

attached to this Notice of Removal, including: Index of Matters Being Filed (attached as Exhibit



EXHIBIT

A

1); the state court docket sheet (attached as Exhibit 2); Plaintiff's Original Petition (attached as Exhibit 3); Notice of Removal of State Court Action (attached as Exhibit 4); and List of Counsel of Record (attached as Exhibit 5).

4.      Pursuant to U.S.C. § 1446(d), G4S is filing copies of the Notice of Removal with County Court at Law No. 5 of Cameron County, Texas.

5.      Venue for this Removal Action is proper in U.S. District Court for the Southern District of Texas, Brownsville Division, because this district and this division include Cameron County, Texas, where the state court action is pending.  28 U.S.C.S. § 124

### III.      Basis for Removal: Diversity Jurisdiction

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and it may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because complete diversity of citizenship exists between the Plaintiff and G4S, the only properly joined and served Defendant, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Complete Diversity Exists Between the Parties.

7.      There is complete diversity between the Plaintiff and G4S.

8.      Plaintiff is a resident of Brownsville, Cameron County, Texas. *See* Exhibit 3 ¶ 2.02.   Therefore, Plaintiff is a citizen of Texas, and complete diversity exists between the parties.

9.      G4S is a Florida corporation with its principal place of business in Florida. Consistent with U.S.C. § 1332(a), "a corporation is a citizen of both its state of incorporation and the state of its principal place of business for purposes of diversity jurisdiction." *Teal Energy*

*USA, Inc. v . GT, Inc.*, 368 F.3d 873, 875 (5th Cir. 2004). Therefore, Defendant G4S is a citizen of Florida, and complete diversity exists between the parties.

**B.      The Amount in Controversy Exceeds $75,000.**

10.      Plaintiff's Original Petition alleges damages "including but not limited to" reinstatement, back pay, emotional distress/pain and suffering, and attorney's fees. Exhibit 3 ¶ 8.01. Plaintiff confirms that he anticipates that the amount of damages requested from the jury will likely be "less than $60,000." *Id.* ¶ 8.02.

11.      Courts in the Fifth Circuit regularly treat plaintiffs' requests for a "less than" amount as inconclusive for the purpose of determining diversity jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (observing the potential for "abusive manipulation" by plaintiffs who seek to avoid federal court by pleading for damages below the minimum amount in controversy knowing that their claim is worth more). Accordingly, Plaintiff's petition for an amount "less than $60,000" does not necessarily preclude removal of his claim to federal court.

12.      In cases where the amount of damages requested is inconclusive (as they are here), the removing party bears the burden of establishing that the amount in controversy will exceed $75,000 by a preponderance of the evidence. *See Cantu v. Allstate Vehicle & Prop. Ins. Co.*, U.S. Dist. LEXIS 56357 at *3 (S.D. Tex. Apr. 28, 2016).

13.      In this Circuit, defendants can meet that standard in one of two ways. *See Magnuno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). First, the defendant can demonstrate that it is facially apparent from the plaintiff's petition that the amount in controversy will exceed $75,000. *Id.* Alternatively, the defendant can submit "summary judgement type evidence" to establish the amount in controversy. *Id.*

3

14.     Here, Plaintiff's Original Petition requests back pay in the amount of $35,000. Exhibit 3 ¶ 8.01. However, this amount does not accurately reflect Plaintiff's earnings while working for G4S. Payroll records indicate that G4S paid Plaintiff approximately $72,000 annually at the time of his termination. Ex. 6, Aff. of K. Cross, ¶7. Based on this figure alone, Plaintiff's back pay between his termination on March 30, 2017 and his filing is already over $100,000, rendering the case removable.

15.     Additionally, because Plaintiff requested discovery pursuant to § 190.4 (Level 3) of the Texas Rules of Civil Procedure (reserved for complex and detailed cases), the amount of back pay could increase substantially should the case go to trial. *See Garcia v. Kellogg USA, Inc.*, 2013 U.S. Dist. LEXIS 125197 at *5-6 (S.D. Tex. Sep. 3, 2013) (finding that plaintiff's Level 3 discovery request would prolong litigation and substantially increase amount of back pay). Consequently, it is facially apparent that the amount in controversy for back pay alone would exceed $75,000.

16.     Next, Plaintiff's Original Petition seeks damages of $10,000 for emotional distress/pain and suffering. *See* Exhibit 3 ¶ 8.01. Despite requesting this specific amount, Plaintiff fails to explain how he arrived at this figure, and leaves open the possibility that a jury will award more than $10,000. *See Id.* ¶ 8.02 ("Plaintiff seeks to recover all of his damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion . . .."). Significantly, Texas Labor Code Chapter 21, under which Plaintiff's claim arises, permits compensatory damages for this type of complaint up to $300,000.[1] While this statutory cap alone is insufficient to establish the amount in controversy, in increases the likelihood of a jury award in excess of the $10,000 allegedly requested. *See Garcia*, 2013 U.S. Dist. LEXIS 125197 at *6

---

[1] Texas Labor Code § 21.2585 (2017).

4

(finding that a $300,000 compensatory damages cap would increase the likelihood that a claim would exceed $75,000).

17.     Coupled with Plaintiff's ambivalent request for emotional distress damages, the statutory cap of $300,000 in compensatory damages creates a high likelihood that damages in this case would surpass $75,000.

18.     Plaintiff also requests $10,000 in reasonable attorney's fees. Exhibit 3 ¶ 8.01.

19.     Plaintiff further requests reinstatement to his former position.  Exhibit 3 ¶ 8.01. In his last year of employment with Defendant, Plaintiff earned in excess of $72,000.  Exhibit 6, ¶7).  As a result, Plaintiff's requested remedy creates a substantial likelihood that damages in this case surpass $75,000.

20.     While G4S denies any and all liability to Plaintiff, for purposes of ascertaining the amount in controversy, the total damages at issue in this case clearly satisfy the jurisdictional threshold. Conservatively, Plaintiff's back pay and attorney's fees surpass $100,000. Together with compensatory damages capped at $300,000 and the value of reinstatement, the total value of Plaintiff's claim more likely than not exceeds the requisite $75,000 for federal jurisdiction.

## IV. Conclusion

WHEREFORE, G4S respectfully requests the above-captioned action now pending in the County Court at Law No. 5 of Cameron County, Texas, be removed to the United States District Court for the Southern District of Texas, Brownsville Division, and that this Court assume full jurisdiction over the case as provided by law.

Respectfully submitted,

/s/ Robert E. McKnight, Jr.

October 1, 2018

John W. Griffin, Jr.
Texas Bar No. 08460300

Robert E. McKnight, Jr.
Texas Bar No. 24051839
203 N. Liberty Street
Victoria, TX  77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040

*Attorneys for Defendant G4S Secure Solutions
(USA), Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2018, a true and exact copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** was electronically filed with the Clerk of the District Court using the CM/ECF system and served upon counsel for Plaintiff via first-class mail, postage prepaid, at the following address:

Mauro F. Ruiz
Ruiz Law Firm, P.L.L.C.
118 West Pecan Blvd.
McAllen, Texas 78501

/s/ Robert E. McKnight, Jr.
Robert E. McKnight, Jr.
Attorney for Defendant G4S Secure Solutions
(USA), Inc.

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DANIEL RIVAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2018-CCL-00997** |
| | § | |
| **G4S SECURE SOLUTIONS (USA), INC.** | § | |
| | § | |
| **Defendant.** | § | |

## LIST OF COUNSEL OF RECORD

Pursuant to Local Rule 81, Defendant files this list of counsel of record in connection

with the Removal of this action:

Counsel for Plaintiff:
Mauro F. Ruiz
Ruiz Law Firm, P.L.L.C.
118 West Pecan Blvd.
McAllen, Texas 78501
(956) 259-8200
(956) 259-8203 (Fax)

Counsel for Defendant:
John W. Griffin, Jr.
jwg@lawmgk.com
Texas Bar No. 08460300
Robert E. McKnight, Jr.
mcknightr@lawmgk.com
Texas Bar No. 24051839
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, TX 77901
(361) 573-5500
(361) 573-5040 (Fax)

**Exhibit 5**
**Notice of Removal**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

DANIEL RIVAS,                          :
                                       :
              Plaintiff,               :   Case No.: 2018-CCL-00997
                                       :
       v.                              :
                                       :
G4S SECURE SOLUTIONS (USA) INC.        :   **AFFIDAVIT OF KYM CROSS**
                                       :
              Defendant.               :
                                       :

STATE OF TEXAS                )
                              ) SS:
COUNTY OF CAMERON             )

Kym Cross, being first duly sworn, deposes and says the following:

1.      My name is Kym Cross.  I am over 18 years of age and I am competent to make this Affidavit.  This Affidavit is based upon my personal knowledge.

2.      I am currently employed by G4S Secure Solutions (USA), Inc. ("G4S") as the Senior Director, Payroll.

3.      In my role as Senior Director, Payroll, I am familiar with Daniel Rivas's ("Rivas") employment and compensation history with G4S.

4.      Rivas began working for G4S on June 24, 2013, as a part-time Transportation Officer for the U.S. Border Patrol in San Benito, Texas.

5.      On September 11, 2013, G4S promoted Rivas to a full-time CPO/Transportation Officer for the U.S. Border Patrol in San Benito, Texas.

6.      At all times during Rivas's employment with G4S, he received an hourly wage of $24.11 per hour. He was also eligible for overtime pay, vacation pay, holiday pay, and "Health and Welfare" pay.

**Exhibit 6
Notice of Removal**

7.      During the final year of his employment (April 1, 2016 - March 30, 2017), Rivas's total compensation from G4S was $72,826.62.

8.      G4S terminated Rivas on March 30, 2017.

I have read this statement and it is true and accurate to the best of my knowledge.  I freely and voluntarily executed this statement and have not been coerced or intimidated in any manner with regard to my decision to provide this statement or with regard to the information I have provided.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Kym Cross

Sworn to before me and subscribed in my presence this 26th day of September, 2018.


_____
Notary Public

KAREN M. SAVIGNAC
Notary Public - State of Florida
My Commission Expires 12/18/19
Commission No. FF928433

13326203v1