Case 1:18-cv-00154 Document 24 Filed on 04/24/19 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL RIVAS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 1:18-CV-00154 |
| § | |
| G4S SECURE SOLUTIONS (USA), INC., § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant G4S Secure Solutions (USA), Inc.'s Motion for Summary Judgment (Doc. 3). After reviewing the motion, Plaintiff Daniel Rivas's response, and the applicable law, the Court finds the Motion well-taken.

### I. Factual Allegations and Procedural History[1]

Rivas worked as a security guard for G4S until 2017, when G4S fired him. Rivas alleges that G4S fired him because of his national origin. G4S claims it fired him for violating company policies related to the safeguarding of company-issued firearms.

The parties were subject to a collective-bargaining agreement ("CBA"). (Collective Bargaining Agreement, Doc. 3-4) Article X of the CBA concerned the "Discipline and Discharge" of employees, while Article VII set forth the "Grievance and Arbitration" provision. (*Id*. at Arts. VII and X)

After his termination, Rivas started but did not complete Article VII's grievance process. (*See* Formal Information Request and Grievance Procedures, Doc. 3-3, 1–3) Instead, he sued G4S in state court, alleging national-origin discrimination in violation of Chapter 21 of the Texas Labor Code. (Pl.'s Original Pet., Doc. 1-1); *see* TEX. LABOR CODE § 21.051.

G4S removed the case to federal court based on diversity jurisdiction. Rivas moved to remand, but the Court denied his motion. (Order, Doc. 17)

---

[1] Consideration of G4S's Motion does not turn on determining whether evidence exists to support specific factual allegations. Rather, G4S relies on questions of law related to preemption. The factual summary presents certain of the parties' allegations and undisputed matters related to their contractual relationship.

G4S also moved for summary judgment. In that motion, G4S argues that Section 301 of the Labor Management Relations Act ("LMRA") preempts Rivas's state-law claim because the Court must "analyze whether G4S's termination of [Rivas] was appropriate under the terms of the CBA, and whether the CBA mandated arbitration to resolve the dispute." (Mot. for Summary Judgment, Doc. 3, 7) Rivas responds that his lawsuit would, at most, only tangentially invoke the CBA, defeating G4S's preemption argument.[2]

## II.   Analysis

The Labor Management Relations Act provides federal jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). If an employee pursues a state-law claim against an employer subject to a CBA, and resolution of the state-law claim will require interpretation of the CBA, then the employee's state-law claim is preempted. *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485, 487 (5th Cir. 1996) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988)). The LMRA does not preempt state-law claims that only tangentially involve CBA provisions. *Trevino v. Ramos*, 197 F.3d 777, 779 (5th Cir. 1999). "[T]he bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Preemption will arise only if the state-law claims are "inextricably intertwined" with construction of the CBA. *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1089 (5th Cir. 1991).

In this matter, the parties' central disagreement is whether Rivas's Texas Labor Code claim or G4S's defenses to that cause of action would require the Court to interpret the applicable CBA. G4S relies mainly on *Reece*, arguing that it too concerned an unlawful-discrimination claim under the Texas Labor Code and that it should control. In response, Rivas

---

[2] G4S also asks the Court to find that the statute of limitations bars any non-preempted Section 301 claim that Rivas could have made. Because Rivas does not assert a Section 301 claim against G4S, the Court declines to reach this issue.

contends that *Roadway* is more analogous and requires that the Court deny G4S's summary-judgment motion.

In *Reece*, the plaintiff–employee sued under the Texas Labor Code, alleging that his employer denied him promotions and training because of his race. The Fifth Circuit noted that under Texas law, if the plaintiff established a prima facie case of discrimination, the employer "would then have the burden of articulating a legitimate, non-discriminatory reason for the allegedly unequal treatment." *Reece*, 79 F.3d at 487. If the employer met this burden, the employee would have to prove that the articulated reason was a pretext for unlawful discrimination. *Id*. Both of these steps would require the court to interpret the CBA. First, the employer would "undoubtedly rely on the CBA" to argue that the provisions related to promotion, seniority, and assignment to training programs justified the employer's actions. *Id*. Second, "when [the employee] then attempts to show that [the employer's] stated reason is pretextual, the CBA would have to be interpreted because [the employee] would have to challenge [the employer's] rights under the CBA." *Id*. As a result, the Fifth Circuit concluded that the employer's anticipated defense required interpretation of the CBA, leading to preemption.

The *Roadway* decision concerned an employee's retaliatory-discharge claim. The Fifth Circuit noted that the employee's burden would be to establish "a causal link between his discharge and his claim for workers' compensation." *Roadway*, 931 F.2d at 1090. The employer could rebut the allegations by showing a "legitimate reason for the discharge," including a reason justified by the CBA, but the employer would avoid liability only if it could prove that the workers' compensation claim was not a determining factor in the discharge. *Id*. Under these circumstances, the Fifth Circuit concluded that an interpretation of the CBA was "not inextricably intertwined with the state-law claim." *Id*. (relying on *Lingle*, which also concerned a retaliatory-discharge claim, and which reached the same conclusion about preemption).

Having analyzed these decisions, the Court finds that *Reece* is more closely analogous, and *Roadway* is distinguishable. In *Reece*, as in this matter, the employee advanced a discrimination claim under the Texas Labor Code. Just like the plaintiff–employee in *Reece*, Rivas will have to establish a prima facie case of national-origin discrimination. If he succeeds, the burden will shift to G4S to present a legitimate, nondiscriminatory reason for Rivas's termination. In doing so, G4S will "undoubtedly rely" on the CBA's Discipline and Discharge provision—i.e, Article X of the CBA—to justify its actions. *See Reece*, 79 F.3d at 487. If the Court found that Article X provided just cause for termination—a finding that would require construction of that CBA provision—Rivas would then have to prove that G4S's reliance on the CBA was pretextual. It is G4S's defense that will require the Court to interpret the CBA's provisions. In similar circumstances, at least two other district courts in the Southern District of Texas have relied on *Reece* to conclude that Section 301 of the LMRA preempted Texas Labor Code discrimination claims. *See, e.g.*, *Moreno v. STP Nuclear Operating Co.*, 172 F. Supp. 2d 857, 860 (S.D. Tex. 2001) ("[B]ecause promotions to temporary supervisory positions are specifically covered by the CBA . . . , Moreno's state law [national-origin discrimination] claims regarding STP's refusal to make him a temporary supervisor are preempted by the LMRA."); *Frost v. Harper*, No. Civ.A. C-01-069, 2001 WL 34063533, at *6 (S.D. Tex. March 23, 2001) (finding that the LMRA preempted the employee's racial-discrimination claims under the Texas Labor Code because the employer would "point to the CBA, which includes provisions regarding abuse of sick leave and reserving to the company the right to discipline employees, as part of its non-pretextual reason for dismissal").

Rivas's requested relief further shows the important role that the CBA will play in this lawsuit. He requests reinstatement, back pay, damages for emotional distress and pain, and attorney's fees. (Pl. Original Pet., Doc. 1-1, 7–8) Under the Texas Labor Code, an employee cannot recover damages or obtain reinstatement if the employer demonstrates that it "would have taken the same action [e.g., terminating the employee] in the absence of the impermissible

motivating factor." TEX. LABOR CODE § 21.125(b).  In other words, to obtain the entirety of his requested relief, Rivas will have to negate G4S's reliance on Article X, which will require the Court to construe the scope and application of that CBA provision.

In contrast, the retaliatory-discharge claims at issue in *Lingle* and *Roadway* did not require interpreting CBA provisions.  The employers in those cases, in their respective defenses, could present legitimate reasons for the terminations, including reasons that relied on CBA provisions.  But the employees would not have to negate those purported grounds so long as they could show that their workers' compensation claims played some role in the decisions to discharge them.  This distinction renders *Roadway* and *Lingle* inapplicable to Rivas's action.

In addition, not only is Rivas's racial-discrimination claim inextricably intertwined with the CBA, but the parties' dispute over Rivas's failure to comply with the Grievance and Arbitration provision would also require the Court to interpret the CBA.  While the parties agree that Rivas did not complete the CBA's grievance process, they dispute whether that process is mandatory.  If it is mandatory, Rivas's claim might be barred.  *See, e.g.*, *In re Poly-America*, 262 S.W.3d 337, 349 (Tex. 2008) ("An arbitration agreement covering statutory claims is valid so long as the . . . agreement does not waive the substantive rights and remedies the statute affords and the arbitration procedures are fair . . . ."); *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002) (compelling arbitration of Texas Labor Code discrimination claim).  Determining whether the Grievance and Arbitration provision applies to Rivas's claim necessarily requires interpreting this CBA provision.

Rivas argues, however, that a potential agreement-based remedy under the Grievance and Arbitration provision does not deprive him of independent state-law remedies.  (Pl.'s Resp., Doc. 21, 4 (citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994))  But the question is not whether Rivas is being deprived of a state-law remedy; it is whether he must submit to arbitration to receive that remedy.  Resolving that question requires the Court to construe the CBA.  As a result, Rivas's argument fails.

### III.     Conclusion

For these reasons, it is:

**ORDERED** that G4S Secure Solutions (USA), Inc.'s Motion for Summary Judgment is **GRANTED**; and

**ORDERED** that Rivas's claim against G4S under the Texas Labor Code is **DISMISSED with prejudice**.

SIGNED this 24th day of April, 2019.

_____
Fernando Rodriguez, Jr.
United States District Judge